IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| In re: Christine D. Lucas | ) | Case No. 23-70558 |
| | ) | |
| Debtor(s) | ) | Chapter 13 |

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **June 30, 2025**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **June 30, 2025**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint.  I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| Name | Address | Method of Service |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

/s/Shane W. Hiatt
Counsel for Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In re:   Christine D. Lucas | ) | Case No. 23-70558 |
| | ) | |
| Debtor(s) | ) | Chapter 13 |

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☒confirmed or ☐ unconfirmed plan dated **February 7, 2024.**

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Wednesday, August 20, 2025, at 10:30 am., via ZOOM (Judge Paul M. Black) zoomgov.com MEETING ID 161 0605 1116  PASSWORD 0922.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| 2.1 | Monthly plan payment decreased to 2,010.00. | All creditors | Funding adjusted |
| 2.4 | $41,050.00 paid under prior unconfirmed plan. | All creditors | Funding adjusted |
| 2.5 | Total plan payments increased from $134,000.00 to $129,490.00. | All creditors | Funding adjusted |
| 3.3 | Payments to secured creditors adjusted to reflect payments already made by Chapter 13 trustee | Secured creditors | Funding adjusted |
| 3.5/8.1 | Debtor is surrendering her 2002 GMC Sonoma. A deficiency claim must be filed within 180 days of confirmation or entry of an order lifting the stay, whichever occurs first.  If a deficiency claim is not filed within this time period, the claim will be disallowed. | Allied Financial Services | Funding adjusted |
| 4.3/8.1 | Debtor's attorney to be paid an additional $480.00 for preparation of post confirmation amended plan | All creditors | Funding adjusted |
| 5.1 | Total expected payments to general unsecured creditors decreased to $11,383.96. Estimated percentage of unsecured claims paid decreased from 50% to 48%. | All unsecured creditors | Funding adjusted |

/s/Shane W. Hiatt
Counsel for Debtor(s)

*Counsel for the debtor shall file a separate certification of mailing and/or service of the amended chapter 13 plan and this cover sheet, unless the Court orders otherwise.*

Fill in this information to identify your case:

Debtor 1    __Christine  Denise  Lucas__

Debtor 2    ____
(Spouse, if filing)

United States Bankruptcy Court for the _Western District of Virginia_

Case number _23-70558_

☑  Check if this is an amended plan, and list below the sections of the plan that have been changed

_____

Official Form 113

Chapter 13 Plan                                                    12/17

| Part 1: | Notices |
|---|---|

To Debtor(s):   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

_In the following notice to creditors, you must check each box that applies._

To Creditor(s):

Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. _Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan._

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

2.1   Debtor(s) will make payments to the trustee as follows:

$2,010.00 per Month for 44 months (beginning July 2025).

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   Regular payments to the trustee will be made from future income in the following manner:

_Check all that apply._

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

2.3   Income tax refunds.

_Check one_

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____

2.4   Additional payments.

Check one:

☐ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.

~~$41,050.00 paid under prior unconfirmed plan.~~

2.5    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is  $129,490.00.

**Part 3:    Treatment of Secured Claims**

3.1    Maintenance of payments and cure of default, if any.

*Check One.*

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Countryside Land Company, LC | Tracts 6-8 Little Walker Way | $926.00<br>☐ Trustee<br>☑ Debtor | $0.00 | 0.00% | $0.00 | $0.00 |

3.2    Request for valuation of security, payment of fully secured claims, and modification of under secured claims. *Check one.*

☑ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

3.3    Secured claims excluded from 11 U.S.C. § 506.

*Check One.*

☐ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Harley Davidson Credit | 2016 Harley Davidson | $13,867.96 | 11.75% | $389.45<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $17,135.80 |
| JPMCB Auto Finance | 2021 Dodge Ram 3500 | $28,110.81 | 7.00% | $726.23<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $31,954.12 |
| Lendmark Financial Services | 2021 Leonard Dump Trailer | $6,995.79 | 7.00% | $180.73<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $7,952.12 |
| Wayfinder BK | 2020 Polaris Ranger | $5,225.49 | 7.00% | $135.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $5,940.00 |

3.4    Lien avoidance.

*Check One.*

☑ None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5    Surrender of Collateral.

*Check One.*

☐ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed

unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Allied Financial Services, Inc. | 2002 GMC Sonoma |

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10.00% of plan payments; and during the plan term, they are estimated to total $8,844.00.

**4.3    Attorney's Fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $5,230.00.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $0.00.

☑ 48.00% of the total amount of these claims, an estimated payment of $11,383.96.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Separately classified nonpriority unsecured claims.** *Check one.*

☑ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below.** *Check the applicable box to select an alternative vesting date:*

☑ plan confirmation.

☐ other: _____

## Part 8:    Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

- 3.3: Arrearage, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis, without interest unless interest is provided for in the loan agreement.
- 3.5: The property secured by loans in 3.5 is being surrendered. A deficiency claim must be filed within 180 days of confirmation or entry of an order lifting the stay, whichever occurs first. If a deficiency claim is not filed within this time period, the claim will be disallowed.
- 4.3: Debtor(s) attorney will be paid $5,230.00 balance due of the total fee of $5,230.00 (including $480.00 for preparation of post-confirmation amended plan) concurrently with or prior to the payments to remaining creditors.
  - 4.3: Attorneys fees noted in 4.3 shall be approved on the confirmation date unless previously objected to. Attorneys fees shall be paid ahead of all other claims except adequate protection payments, ongoing mortgage payments, or any allowed claims arising under 11 U.S.C. Section 507 (a)(1) (which claim shall be paid concurrently with legal fees), if any.
- Treatment of Claims
  - All creditors must timely file a proof of claim to receive any payment from the Trustee.
  - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
  - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
  - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- Incurrence of Indebtedness
  - The Debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $15,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**Part 9:     Signatures**

9.1  Signatures of Debtor(s) and Debtor(s)' Attorney

/s/ Christina Denise Lucas
Signature of Debtor 1                        Signature of Debtor 2

Executed on: 06/30/2025                       Executed on: 06/30/2025


/s/ Shane Hiatt
Signaure of Attorney for Debtor(s)            Executed on: 06/30/2025

Signature(s) of Debtor(s)                     By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official

Form 113, other than any nonstandard provisions included in Part 8.


Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
|---|---|
| a. Maintenance and cure payments on secured claims (*Part 3, Section 3.1 total*) | $0.00 |
| b. Modified secured claims (*Part 3, Section 3.2 total*) | $0.00 |
| c. Secured claims excluded from 11 U.S.C. § 506 (*Part 3, Section 3.3 total*) | $62,982.04 |
| d. Judicial liens or security interests partially avoided (*Part 3, Section 3.4 total*) | $0.00 |
| e. Fees and priority claims (*Part 4 total*) | $14,074.00 |
| f. Nonpriority unsecured claims (*Part 5, Section 5.1, highest stated amount*) | $11,383.96 |
| g. Maintenance and cure payments on unsecured claims (*Part 5, Section 5.2 total*) | $0.00 |
| h. Separately classified unsecured claims (*Part 5, Section 5.3 total*) | $0.00 |
| i. Trustee payments on executory contracts and unexpired leases (*Part 6, Section 6.1 total*) | $0.00 |
| j. Nonstandard payments (*Part 8, total*) | $0.00 |
| Total of lines a through j | $88,440.00 |